UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THOMAS N. ZIRKLE, JR. | CIVIL ACTION NO. 05-0668-M |
| VS. | SECTION "P" |
| JIMMY SHIVERS, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on April 14, 2005, by *pro se* petitioner, Thomas N. Zirkle, Jr. When he filed the complaint, plaintiff was an inmate at the Madison Corrections Center, Tallulah, Louisiana. However, sometime prior to June 2, 2005 plaintiff was transferred to the Franklin Parish Detention Center, Winnsboro, Louisiana.

## STATEMENT OF THE CASE

Magistrate Judge James D. Kirk concluded his initial review of the complaint on July 1, 2005 and issued a Memorandum Order directing plaintiff to amend his otherwise deficient complaint within thirty days. [Doc. 5] More than thirty days have elapsed and plaintiff has not responded to the Court's order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The

1

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore, **IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this <u>13th</u> day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE